MICHAEL J. K. REILLY, Respondent, *v.* HENRI GUTMANN SILKS CORPORATION, Appellant.

Second Department, March 18, 1921.

Pleadings — breach of contract of employment — failure to divulge information to employer — bill of particulars — court will not compel defendant to give particulars as to information based on admissions or declarations of plaintiff and withheld by him.

Where in an action for breach of contract of employment the defendant alleges that the plaintiff was discharged because he violated his agreement in failing to divulge information valuable to the defendant in his business, and it appears from the bill of particulars voluntarily served by the defendant that the plaintiff had stated to him that he had certain valuable information but would not divulge the same, the defendant should not be compelled to serve a further bill of particulars as to said information which the plaintiff refuses to furnish him.

APPEAL by the defendant, Henri Gutmann Silks Corporation, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 21st day of February, 1921, denying its motion for an order directing the plaintiff to accept service of a bill of particulars voluntarily furnished by defendant in response to plaintiff's motion for such bill of particulars, and directing defendant to serve a further bill of particulars.

*Luke D. Stapleton* [*Mark Ash* with him on the brief], for the appellant.

*R. Randolph Hicks* [*Earl E. Keyes* with him on the brief], for the respondent.

KELLY, J.:

This is an action in which plaintiff alleges a written contract by which he was hired as assistant general manager of defendant for the term of three years from November 1, 1917, at the rate of $5,000 per year and an additional sum equal to five per cent of the net profits of the defendant, to be determined by defendant's balance sheet at the end of each year. Plaintiff alleges that he entered upon the performance of his duties under the contract and duly performed the same, but that

he was wrongfully discharged on June 12, 1919. He alleges damage in the sum of $108,433.16, for which sum he asks judgment.

Defendant's answer, so far as it is material to the questions presented by this appeal, admits the making of the contract and plaintiff's discharge on or about June 12, 1919, but alleges that he was discharged because he broke and violated the agreement and did not fulfill its terms, conditions and obligations. The defendant sets out in the answer various alleged grounds of discharge.

The plaintiff moved for a bill of particulars of the defendant's charge that plaintiff broke and violated the agreement, in addition to the details set forth in the answer, and the defendant voluntarily served a bill of particulars upon the plaintiff's attorneys, which was returned upon the ground that it was insufficient. The defendant gave notice of motion for an order directing plaintiff to accept the bill of particulars served, and the learned justice at the Special Term says, in his opinion, that he thinks it is sufficient except as to paragraph 5 of the plaintiff's demand. He directs that further particulars be given as to that paragraph, granting plaintiff's motion to that extent, and stating, " Such bill of particulars when furnished shall be deemed in addition to the bill already given." Nevertheless he denies the motion to compel plaintiff to accept the bill already given. The order appealed from follows the language of the opinion.

The obvious intention of the learned justice is to find that the bill of particulars served is sufficient, except as to the particulars in paragraph 5 of the plaintiff's demand, but a literal reading of the order leaves the plaintiff without the particulars voluntarily furnished by defendant and found sufficient.

Let us consider the only difference between the learned justice at Special Term and the defendant, appellant.

One of the alleged reasons for plaintiff's discharge is stated in the answer as follows: " That among the other duties of the plaintiff as assistant general manager of the defendant, and which he was required to do and perform by the defendant, was the communication to the defendant through its president and general manager, Henri Gutmann, of information obtained

regarding transactions in the business of dealing and trading in silks and other textiles, which information was of great benefit to the defendant in deciding whether to purchase goods or not, but which information the plaintiff for months previous to June 12th, 1919, neglected and refused to give to the defendant and June 6th, 1919, and thereafter declined positively and finally that he would not give to the defendant in the future."

And this is somewhat amplified in the bill of particulars served, as follows: " (a) In that plaintiff neglected and refused to give defendant during the period aforesaid prior to June 12, 1919, and on June 6, 1919, positively and finally declared he would not give in the future information which was stated by plaintiff to defendant on June 6, 1919, in substance to be inside information of importance which he had from various sources concerning transactions by persons in the same trade as defendant (referring to the purchase and sale of silks and other textiles similar to that dealt in by defendant); which information plaintiff then stated he obtained continuously through his many friends in the trade, and that he regarded such information of great benefit to defendant and its business, but which information plaintiff then stated he had not given to defendant in the ' past few months ' (referring to a period prior to said June 6, 1919) for the reason that he had lost confidence in Henri Gutmann, the defendant's general manager and president; which information as stated by plaintiff as aforesaid, and the sources thereof were substantially of the same kind as those which plaintiff had theretofore from about November 1st, 1917 (when he entered into defendant's employ) until the ' past few months ' (prior to June 6, 1919) — communicated from time to time to defendant through its president and general manager aforesaid, and which information, and the sources thereof were essential and necessary and of benefit to defendant in determining purchases and sales by defendant, of merchandise similar to that purchased and sold by others in the same trade, and the prices to be paid on the purchase of such merchandise and the prices at which such merchandise should be sold."

This is the information furnished by the defendant in answer to plaintiff's demand No. 5, which is the only demand

concerning which the learned justice · criticizes the bill of particulars furnished.

Plaintiff's demand 5 is as follows: " 5. State exactly what information greatly beneficial to the defendant or which would have been greatly beneficial to the defendant it was that the plaintiff had obtained regarding transactions in the silk business previous to June 12, 1919, which the plaintiff had neglected and refused to give to the defendant, as claimed and alleged in paragraph VII of the answer herein and re-alleged in paragraph XIII thereof."

The learned justice at Special Term says defendant should furnish plaintiff with " the information which plaintiff had obtained regarding transactions in the silk business previous to June 12, 1919, which plaintiff neglected and refused to give to the defendant."

Defendant's president makes oath that it is impossible for him to give any further particulars· as to this information which it is charged plaintiff refuses to give defendant.

The allegation in the complaint and in the bill of particulars voluntarily served, is that plaintiff on June 6, 1919, stated to the defendant that he had acquired information of importance and benefit to defendant which he had not given to defendant, which information as stated by plaintiff and the sources thereof were the same as had been theretofore disclosed by plaintiff to defendant since the making of the · agreement. This is the refusal as stated in the bill of particulars, and in the answer the defendant alleges that plaintiff declined positively and finally to give to defendant this information.

It seems to me that the defendant must stand or fall upon his allegation of fact in the answer and in the bill of particulars served. He alleges that the plaintiff on June 6, 1919, stated to defendant that he, plaintiff, at that time had certain information regarding transactions in the business of dealing and trading in silks and other textiles; that he, plaintiff, regarded the information as of great ·benefit to defendant and its business; that the information in his possession was similar to that theretofore obtained by him during his employment and communicated by him to defendant for the benefit of its business. To compel the defendant to give the particulars

of information which plaintiff asserted he had obtained, but which he refused to divulge to defendant, seems a vain thing. If, on the trial, the court or jury found as matter of fact that the plaintiff made the statements which it is alleged he made, the question will be whether he told the truth. If he had such information, it was his duty to give his employer the benefit thereof, and refusal would be a ground of complaint against him. If he had such information, he, and he alone, can tell what it was. Defendant is making the charge based upon alleged admissions or declarations by plaintiff. I cannot see how the court can order defendant to give the particulars where defendant's alleged grievance is that plaintiff refuses to furnish him with the particulars.

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion to compel acceptance of the bill of particulars heretofore served by defendant granted, with ten dollars costs.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendant's motion to compel acceptance of the bill of particulars heretofore served by defendant granted, with ten dollars costs.